**ROTEX MANUFACTURING COMPANY
et al., Appellants,**

v.

**LITTLE DUDE TRAILER COMPANY,
Inc., et al., Appellees.**

No. 16840.

Court of Civil Appeals of Texas.

Fort Worth.

June 9, 1967.

Charles E. Tobin, Dallas, for appellants.

Day & Gandy, and Joe Day, Jr., Fort Worth, for appellees.

OPINION

RENFRO, Justice.

Suit for damages for breach of contract to purchase shares of stock was brought by Little Dude Trailer Company, Inc., and its stockholders against Rotex Manufacturing Company, Fred Woodell, its President, and C. F. Small, Executive Vice-President of defendant Rotex.

All three defendants filed pleas of privilege to have the case transferred to Dallas County.

The pleas were overruled and the defendants appealed.

Following a period of negotiations, defendants wrote the following letter to plaintiffs:

"8305 Sovereign Row
"Rotex Mfg. Co.
"P. O. Box 5355
Dallas, Texas
"July 15, 1966
"Stockholders
"Little Dude Trailer Co., Inc.
"Fort Worth, Texas
"Rotex Manufacturing Co. extends a firm offer of $0.235 per share for the outstanding common stock of Little Dude Trailer Co., Inc.
"This offer is conditioned upon being able to acquire at least 80% of the outstanding stock by no later than August 1, 1966.
"Rotex Manufacturing Co.
(Signed) "C. F. Small
"Executive Vice President"

The plaintiffs introduced testimony to the effect that the parties agreed, on the day the letter was written, that if plaintiffs agreed to accept the offer they would endorse their stock in blank, have their signatures guaranteed by an officer of some bank who could guarantee their signatures, then turn the stock into the trust department of the Fort Worth National Bank, plaintiffs' transfer agent, to be held by

said Bank until Rotex came over and paid for the stock; that after persuading more than eighty per cent of the stockholders to accept the Rotex offer and securing the Bank's signature that the Bank held that amount of stock, the following letter was written to Rotex:

"Little Dude Trailer Co., Inc.
  "802 NE 29th Street
  "Fort Worth, Texas
    "July 29, 1966
"Rotex Manufacturing Company, Inc.
"8305 Sovereign Row
"Dallas, Texas
"Attention: Mr. C. F. Small, Executive Vice President

"Gentlemen:
  "This letter is to give you notice that the Forth Worth National Bank of Fort Worth, Texas, is now holding 1,153,899 shares of the outstanding common stock of Little Dude Trailer Co., Inc., properly endorsed for transfer to you by the various owners of these certificates.

"This represents more than 80% of the outstanding common stock of Little Dude Trailer Co., Inc. in compliance with the condition of your written offer to the stockholders of Little Dude as contained in your letter of July 15, 1966.

"All of the stockholders whose stock has been delivered to the Fort Worth National Bank have heretofore and do hereby accept your offer to purchase said stock at 23½¢ per share.
  "We suggest that this transaction be closed at your very earliest convenience.
          "Very truly yours,
(Signed) "W. R. Cowan,
          "President and Stockholder
          "Little Dude Trailer Co., Inc."

Mr. Cowan testified that Mr. Small called him by phone on August 15 and told him defendants were not going through with the deal.

Plaintiffs contend the court properly held venue in Tarrant County as to defendants Rotex and Small under the provisions of exception 23 of Article 1995, Vernon's Ann. Tex.Civ.St., which provides in part that suits may be brought against private corporations in the county in which the cause of action or a part thereof arose, and had venue as to Woodell under exception 29a.

■ The record contains considerable evidence as to the reasons defendants did not complete the transaction. The trial court was of course the judge of the credibility of the witnesses and the weight to be given their testimony. Also, we have studied all the evidence and have concluded that most of such evidence goes to the merits of the defense in the case rather than to the matter of venue. Texas Plains Lodge No. 105 of Broth. of Locomotive Firemen, & Enginemen v. Cleghorn, 207 S.W.2d 109 (Tex.Civ.App., 1947).

■ The hearing on pleas of privilege is to determine whether the complaining defendant is suable on the transaction involved, where the plaintiffs filed the suit; the trial on the merits is to determine defendant's liability on the transaction. William R. Carmichael, Inc., v. Winkley, 234 S.W.2d 937 (Tex.Civ.App., 1950).

■ There is sufficient evidence in the record to support the implied findings of the court that defendants breached a contract to plaintiffs' damage and that part of the transaction occurred in Tarrant County.

In Lone Star Gas Co. v. Coastal States Gas Producing Company, 388 S.W.2d 251 (Tex.Civ.App., 1965), the court quoted Texas Employers' Ins. Ass'n v. Moore, Tex.Civ.App., 56 S.W.2d 652; Burtis v. Butler Bros., Tex.Civ.App., 228 S.W.2d 938; and Woodman v. Bishop, Tex.Civ. App., 203 S.W.2d 977, as authority for the statement that, "It has generally been held in this state that a contract is made at the place where the offer of the contracting party is accepted by the other party * *. This acceptance is accomplished at the

place where the last act necessary to give it validity is done."

The above case and authorities cited support the trial court's judgment.

Affirmed.