Eddie CUNNINGHAM, Appellant,

v.

Harry PORTWOOD, Appellee.

No. 16900.

Court of Civil Appeals of Texas.

Fort Worth.

March 1, 1968.

Heath & Robinson, and Bob Heath, Houston, for appellant.

D. J. Brookreson, II, Seymour, for appellee.

## OPINION

RENFRO, Justice.

This is a venue case.

Plaintiff sued defendants for damages in the sum of $17,822.16 for alleged conversion of 8,028 bushels of wheat.

Harry Portwood was plaintiff. Eddie Cunningham, of Harris County, Orville and Larry Cunningham, of Taylor County, were defendants. They were sued individually and as partners, doing business as Cunningham Brothers in Archer County, Texas.

Plea of privilege was filed by Eddie Cunningham, of Harris County.

The plea was controverted by plaintiff, who invoked Exception 9 of the general venue statute.

The trial court overruled defendant's plea, hence this appeal.

It was alleged in plaintiff's petition, which was made a part of the controverting affidavit "for all purposes," that plaintiff delivered to defendants in May and June, 1965, 8,028 bushels of wheat which defendants agreed to store in Megargel; settlement sheets Nos. 782 and 781 were issued by defendants; defendants agreed that plaintiff would have the option of receiving back the wheat, or be paid for same at a specified price of four cents per bushel more than the day price when delivered; defendants, upon demand by plaintiff, refused to return the wheat; their conduct was willful and fraudulent; they refused to tell plaintiff when the wheat was removed from Megargel or where it went; such conduct amounts to conversion.

The defendant Eddie Cunningham has appealed on one general point of error, towit: "The trial court erred in overruling Appellant's Plea of Privilege."

The point is much too general and indefinite to require our consideration. Red Fish Boat Co. v. Jarvis Press, Inc., 361 S.W.2d 588 (Tex.Civ.App., 1962, no writ hist.); 4 Tex.Jur.2d, pp. 152 and 155, §§ 647 and 648. The point does not refer to a particular issue, or error, as contemplated by Rule 418, Texas Rules of Civil Procedure; Texas Employers Ins. Ass'n v. Hawkins, 369 S.W.2d 305 (Tex.Sup., 1963); Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (1956).

Defendant's brief, however, reveals his main contention to be that the evidence, at

**660**

best, shows only a cause of action on a breach of an oral contract. We therefore consider his contentions.

■ The settlement sheets dated June 10, 1965, showing the amount of wheat delivered by plaintiff to defendants and both on printed forms reading,

"Settlement Sheet
"Cunningham Bros., Megargle
Elevator,"

were introduced in evidence. The printed business name at the bottom of each sheet is indistinct in the transcript, but underneath such printed name appears, "By: Eddie Cunningham." The signature is handwritten. We find no denial that it was Eddie Cunningham's signature. The sheets show in writing the option agreement set out in plaintiff's pleadings.

Plaintiff's wife, who handled some of the transactions, testified: all the dealings were with Eddie Cunningham, the agreement was to the effect the grain was to be held in storage by defendants with option of plaintiff to redeem it any time he wanted it, that he could either redeem it, sell it to Mr. Cunningham or to somebody else. Plaintiff did not sell it in August. On September 10, witness talked to defendant. He indicated the wheat was still in storage, that the wheat would be in the elevator in Megargel any time plaintiff wanted it.

Megargel is situated in Archer County.

Plaintiff wanted to sell the wheat to Al Kulik in November, but could not reach Cunningham. Plaintiff contacted Cunningham in December. He advised plaintiff to wait until March to sell. On December 23, plaintiff told Cunningham he wanted to redeem the wheat and sell to another man. Defendant said, " 'No, don't do that. I will just send you a check for it.' " Plaintiff learned in January that defendant no longer had possession of the wheat. He never gave defendant permission to remove the wheat. Defendant would never tell plain-

tiff when or how he had disposed of the grain.

Defendant finally promised to pay for the wheat but plaintiff never received anything from the defendant but a check in the sum of $4,000, purchased by defendant on the Farmers Merchants State Bank and endorsed, " 'For Deposit Only to the Portwood Ranch Company.' "

Defendant offered no evidence.

Directly in point, and against defendant's position, is Kroll v. Collins, 340 S.W. 2d 838 (Tex.Civ.App., 1960, no writ hist.), where the court held: "Kroll did * * * prove venue in Frio County under Section 9, Article 1995. * * * the Krolls alleged that there was a conversion of the cattle in Frio County. The controverting affidavit, upon which the plea was heard, alleged conversion in Frio County. The case was tried upon the conversion allegations without protest from the defendants other than a claimed failure of proof. * * * Moreover, the conversion theory was tried by consent of the parties, without objection on trial, and without the point even being mentioned on appeal. * * * Upon the alternative plea of conversion the Krolls may retain venue in Frio County under Sec. 9, Article 1995. * * * Conversion of personal property is a trespass under Sec. 9. Bowers v. Bryant-Link Co., Tex.Com.App., 15 S.W.2d 598; Amberson v. Wilkerson, Tex.Civ.App., 285 S.W.2d 420; Parchman v. Parchman, Tex.Civ. App., 239 S.W.2d 902."

■ Defendant also contends plaintiff sold and ratified the sale to defendant by accepting the $4,000 check two months *after the conversion*. The mere receipt of the proceeds derived from an unauthorized sale of plaintiff's property will not necessarily estop him from treating such act as a conversion. De Shazo v. Wool Growers Central Storage Co., 139 Tex. 143, 162 S.W.2d 401 (1942).

On a trial of the case on the merits defendant may prevail on the question of conversion, ratification, etc.

█ The hearing on the plea of privilege, however, is to determine whether the complaining defendant is suable on the transaction involved where the plaintiff filed the suit; the trial on the merits is to determine defendant's liability on the transaction. Rotex Manufacturing Co. v. Little Dude Trailer Co., Inc., 416 S.W.2d 511 (Tex.Civ.App., 1967, no writ hist.).

The record is such that the trial court could find from a preponderance of the evidence that defendant converted plaintiff's property to his own use in Archer County.

Judgment affirmed.