W. C. SHELLBERG, Appellant,

v.

John A. SHELLBERG, Jr., et al., Appellees.

No. 16915.

Court of Civil Appeals of Texas.

Fort Worth.

April 19, 1968.

Rehearing Denied May 24, 1968.

Monning & Monning, and Ben Monning, Jr., Amarillo, for appellant.

John M. Anderson and Code E. Edwards, Fort Worth, for appellees.

## OPINION

RENFRO, Justice.

This is a venue case.

Plaintiffs-appellees John A. Shellberg, Jr., resident of the State of Colorado, and Robert C. Shellberg, of Tarrant County, Texas, trustees under a certain Trust Instrument, brought suit in Tarrant County against Frank A. Shellberg, Mary Louise Hazelwood and W. C. Shellberg, seeking a declaratory judgment regarding the duties, rights, validity and other legal relations of the Trust.

The defendant W. C. Shellberg filed his plea of privilege requesting transfer of the case to the county of his residence, Randall County, or, in the alternative, to Moore County, under the provisions of Sub. 14, Art. 1995, Vernon's Ann.Civ.St.

By controverting plea plaintiffs claimed venue in Tarrant County by reason of the provisions of Art. 7425b–24, Sections A, B and C, V.A.C.S., and under subsections 4, 29a and 30 of Art. 1995.

The plea of privilege was overruled; hence this appeal by defendant W. C. Shellberg. He contends the order on the plea of privilege should be reversed and the case transferred to Moore County, because, (1) it is a suit to recover an interest in land in Moore County and Sub. 14 requires transfer to that County; (2) plaintiffs failed to establish venue in Tarrant County under the pleaded exceptions Sub. 4, 29a and 30.

We first summarize the material portions of the Trust Agreement and later instruments made a part of plaintiffs' petition.

On June 1, 1948, the parties to this lawsuit entered into a Trust Agreement whereby they, "wishing to keep intact for our convenience and protection the following described property, devised to us under the terms of the will of O. W. Shellberg * * *," granted and conveyed to J. A. Shellberg and W. C. Shellberg jointly (1) land in Moore County, (2) land in Oklahoma, (3) cash, and (4) all other property appurtenant to or used in connection with the above described real property, for a period of ten years. The management of the property should be joint and equal between the two trustees. The trustees were directed to keep the property intact "so

far as they may be able." Annually the trustees were to distribute the revenues equally to the five beneficiaries. Paragraphs VII, VIII and IX provided:

"VII. In the event that three (3) or more of the Grantors herein or their heirs, legal representatives or assigns should desire to appoint other trustees or substitute trustees, or if one or more of the trustees resign, then by a written instrument duly executed and acknowledged, and registered, they may select or appoint any one whom they shall desire to act as trustees hereunder and in such event it shall be the duty of the trustee or trustees that resigned or were replaced or substituted therefor, to deliver up the said properties to such appointed trustee or trustees, and immediately render an accounting thereto, as well as to the beneficiaries hereof.

"VIII. When the particular estate hereby and above created and the term of this trust shall expire, then the said properties shall revert to the grantors herein, their heirs, legal representatives, or assigns as their interest may be.

"IX. In the event that three (3) or more Grantors herein should desire to terminate this trust, then by written instrument, duly executed and acknowledged, and registered, they may terminate the trust. In such event, it shall be the duty of the trustees to deliver up the properties to the Grantors herein, their heirs, legal representatives or assigns, and immediately render an accounting thereto."

On the 16th of October, 1957, the trust was extended for a ten year period, and "unless a majority of the beneficiaries vote to discontinue the trust," the trust would continue another ten years to May 31, 1978.

On May 6, 1966, W. C. Shellberg revoked the trust, resigned as trustee and gave notice he would henceforth own and manage his interest as co-tenant.

The other beneficiaries, on December 11, 1966, appointed Robert C. Shellberg successor trustee with all the rights, powers and duties contained in the original Trust Agreement.

Plaintiffs alleged in their petition that W. C. Shellberg revoked the trust and resigned without their permission and he has failed to render an accounting. They ask a declaratory judgment to determine whether (1) W. C. Shellberg is required to file an accounting under Art. 7425b, V.A. C.S., as a result of his resignation; (2) was the attempted revocation of W. C. Shellberg effective to revoke the trust, or was he bound by the terms and conditions of the Trust Agreement, under Art. 7425b; (3) was W. C. Shellberg authorized, under the trust act, to take possession and control of money, personal property and land belonging to the Trust and use same for his own use and benefit adverse to the interest of the Trust and its beneficiaries, without having made an accounting as Trustee; and (4) is the Trust Agreement revokable at will by any of the parties to said Trust Agreement. They ask for declaratory judgment requiring W. C. Shellberg to render a full and complete accounting for his action as trustee and be required to surrender all property belonging to the Trust to the trustees thereof.

They further alleged the office of the Trust is maintained in Fort Worth, Texas, that a majority of the beneficiaries have not voted to discontinue the trust, and that the plaintiffs are beneficiaries under the Trust Agreement.

In his reply to the controverting affidavit, defendant alleged he is owner of an undivided one-fourth interest in the Moore County land and "in reality" this suit is actually one in which plaintiffs seek recovery from him of an interest in real estate.

In the judgment overruling the defendant's plea of privilege the court found: "The evidence was thereupon heard and written briefs were submitted and it appearing to the Court and the Court so finds that plaintiffs' suit for Declaratory

Judgment was brought primarily to construe a written trust instrument known as the Shellberg Trust; to determine the legality of the actions of the former trustee, W. C. Shellberg; and seeks a ruling on the rights and duties of the trustees and the parties at interest; and to require an accounting by the former trustee, W. C. Shellberg, and it further appearing to the Court and the Court finds that the principal office of the Trust is located in Fort Worth, Texas, and that under Section 24B of Article 7425b, venue of this action lies in Tarrant County, Texas, and that the plea of privilege as filed herein by defendant, W. C. Shellberg, should be in all things overruled."

John A. Shellberg, Jr., co-trustee with defendant in 1966, testified a controversy arose that year over the buying of additional machinery on the part of defendant. At the time of defendant's resignation as trustee the Trust owned a section of land in Moore County, a quarter section in Oklahoma, forty thousand dollars worth of equipment, and $20,000 on deposit in banks. The other beneficiaries wanted to continue the trust and never recognized defendant's right to revoke. Witness made numerous demands on defendant for settlement or to turn the property over to current trustees but defendant always refused. Defendant has never filed an accounting.

The headquarters of the Trust is located in Forth Worth, some property of the Trust is located in Fort Worth, and business has been transacted by the trustees for the Trust in Fort Worth. Some of the beneficiaries live in Forth Worth. According to the witness, "we (the other beneficiaries) want complete control so we can operate the Trust as it should be. * * *" He was asked if he wanted the Court to tell defendant he does not own "that one-fourth" interest. The witness answered, "No, not that. I mean, he will be the same as the rest of the heirs. * * *"

Robert C. Shellberg, trustee, testified: The office of the Trust is located at 4301 Selkirk Drive West, Fort Worth, Texas, his residence. He and the other trustee agreed on that place as the Trust office. He has made demand on defendant to turn over trust records. Defendant refused. He has made demand of defendant to continue the Trust, but defendant refused.

Mary Louise Hazelwood, beneficiary under the Trust, testified she never agreed to the action of defendant in trying to revoke the Trust, and would like to see the Trust continued.

Frank A. Shellberg also testified, as a distributee and beneficiary, he wanted the trust to continue and did not agree with defendant's attempted revocation.

Defendant did not testify or introduce any evidence.

■ The character of a case with respect to the application of our venue statute must be determined by the facts alleged, the rights asserted thereunder, and the relief prayed for. Hooser v. Forbes, 33 S.W. 2d 550 (Tex.Civ.App., 1930, no writ hist.); Gifford-Hill & Co. v. Hearne Sand & Gravel Co., 183 S.W.2d 766 (Tex.Civ.App., 1944, no writ hist.).

We have noted the main allegations of the petition and the questions plaintiffs sought to have resolved. The prayer was for the court's declaratory judgment as to "the duties, rights, validity and other legal relations of the Trust described above, so that they may proceed in the administration of the Trust as herein set forth; that the said W. C. Shellberg be required to render a full and complete accounting for his actions as Trustee, according to law; that the said W. C. Shellberg be required to turn over and surrender all property belonging to said Trust, to the Trustees thereof; and for such other relief, either in law or in equity, to which plaintiffs may be entitled, and for costs of suit."

In Miller v. Howell, 234 S.W.2d 925 (Tex. Civ.App.1950, no writ hist.), this court held: "Plaintiffs say that their suit is one to recover land, and to partition land, and to

foreclose a lien on land, a part of which land lies in Wood County. Their pleadings may contain conclusions to such effect, if the conclusions are read without regard to the remaining allegations in the pleadings, but when the pleadings are examined in their entirety, and when it is endeavored to find out what principal right or rights are asserted and what relief is sought, it is seen that the suit falls within a well-defined category. It is, by all standards, an equitable proceeding for a partnership accounting. It is a transitory action, rather than a local one, it is primarily a proceeding in personam, rather than a proceeding in rem."

 In the instant case when the pleadings are examined in their entirety, and when it is endeavored to find out what principal right or rights are asserted, and what relief is sought, we must conclude the trial court was correct in finding the suit was brought primarily to construe the written Trust Agreement, determine the rights and duties of the various trustees and beneficiaries, and to require an accounting from defendant as to his actions as a trustee.

The evidence, too, supports his findings.

■ The suit is primarily a proceeding in personam and not a proceeding in rem. Defendant was not entitled, therefore, to have the suit transferred to Moore County under the provisions of Sub. 14.

Venue was retained in Tarrant County under the provisions of Art. 7425b–24, Sections A and B, V.A.C.S.

Section A of the above article provides the district court shall have original jurisdiction to construe the provisions of any trust instrument, to determine the powers, responsibilities, duties, and liability of the trustee and to require an accounting.

Section B provides where there are two or more trustees the venue shall be in the county where the principal office of the Trust is maintained.

It is undisputed there are two trustees acting under the Trust Agreement and that the principal office of the Trust is maintained in Fort Worth, Tarrant County, Texas.

■ The hearing on plea of privilege is to determine whether the complaining defendant is suable on the matters involved where the plaintiff filed the suit; the trial on the merits is to determine defendant's liability. Rotex Manufacturing Co. v. Little Dude Trailer Co., 416 S.W.2d 511 (Tex.Civ.App., 1967, no writ hist.).

It is our opinion the record supports the trial court's judgment that defendant is suable in Tarrant County.

Judgment affirmed.