Bill P. COGDELL, Appellant,

v.

The FORT WORTH NATIONAL BANK, Appellee.

No. 4868.

Court of Civil Appeals of Texas, Eastland.

April 15, 1976.

Rehearing Denied May 6, 1976.

Gloria T. Svanas, Midland, for appellant.

Robert M. Randolph; Marvin Champlin, Fort Worth, for appellee.

WALTER, Justice.

Bill P. Cogdell filed suit against the Fort Worth National Bank, Trustee, and others for a declaratory judgment. The Bank's motion for summary judgment sustaining its plea of privilege was granted and Cogdell has appealed. We affirm.

The Bank's plea was controverted by citing ten exceptions under Article 1995, Texas Revised Civil Statutes.

The federal statute (12 U.S.C.A. § 94) on venue against national banking association is as follows:

"§ 94. Venue of suits

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases . . ."

In *Mercantile National Bank v. Langdeau*, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), the court said:

"The phrase 'suits . . . may be had' was, in every respect, appropriate language for the purpose of specifying the precise courts in which Congress consented to have national banks subject to suit and we believe Congress intended that in those courts alone could a national bank be sued against its will.

We would not lightly conclude that a congressional enactment has no purpose or function. We must strive to give appropriate meaning to each of the provisions of Title 12 and its predecessors. See *United States v. Menasche*, 348 U.S. 528, 539, 75 S.Ct. 513, 520, 99 L.Ed. 615 [624]; *Montclair v. Ramsdell*, 107 U.S. 147, 152, 2 S.Ct. 391, 394, 27 L.Ed. 431 [432]. Appellee, however, would have us hold that any state court could entertain a suit against a national bank as long as state jurisdictional and venue requirements were otherwise satisfied. Such a ruling, of course, would render altogether meaningless a congressional enactment permitting suit to be brought in the bank's home county. This we are unwilling to do, particularly in light of the history of § 57 . . ."

Appellant contends the mandatory provision of Subdivision 14 of Article 1995, V.A. C.S. controls venue. The pleadings concerning land in Scurry County are as follows:

"On November 12, 1974, The Fort Worth National Bank, Trustee, sold to Billy Cogdell and D. M. Cogdell, Jr., the real property interests held by The Fort Worth National Bank, Trustee, in the Cogdell Center properties in Scurry County, Texas, for a total consideration in excess of $10,000.00.

Plaintiff alleges that the sale of an interest of real property held by Trustee as distributions from an Estate directly to the individuals serving as Executors of that Estate is proscribed by Section 352 of the Texas Probate Code."

Appellant's prayer for relief in part is as follows:

"WHEREFORE, Plaintiff prays that citation be issued to each of the Defendants named herein requiring them to answer and appear herein; and upon jury trial hereon that Plaintiff have judgment cancelling, rescinding, declaring void ab initio all leases, sales of all properties, real and personal, of the Estate of D. M. Cogdell, Deceased, to the Independent Co-Executors and/or Trustee of the Estate of D. M. Cogdell, Deceased; . ."

In *Shellberg v. Shellberg*, 428 S.W.2d 117 (Tex.Civ.App.—Fort Worth 1968, writ dism'd), the court said:

"In *Miller v. Howell*, 234 S.W.2d 925 (Tex.Civ.App.1950, no writ hist.), this court held: 'Plaintiffs say that their suit is one to recover land, and to partition land, and to foreclose a lien on land, a part of which land lies in Wood County. Their pleadings may contain conclusions to such effect, if the conclusions are read without regard to the remaining allegations in the pleadings, but when the pleadings are examined in their entirety, and when it is endeavored to find out what principal right or rights are asserted and what relief is sought, it is seen that the suit falls within a well-defined category. It is, by all standards, an equitable proceeding for a partnership accounting. It is a transitory action,

rather than a local one, it is primarily a proceeding in personam, rather than a proceeding in rem.'

In the instant case when the pleadings are examined in their entirety, and when it is endeavored to find out what principal right or rights are asserted, and what relief is sought, we must conclude the trial court was correct in finding the suit was brought primarily to construe the written Trust Agreement, determine the rights and duties of the various trustees and beneficiaries, and to require an accounting from defendant as to his actions as a trustee.

The evidence, too, supports his findings. The suit is primarily a proceeding in personam and not a proceeding in rem. Defendant was not entitled, therefore, to have the suit transferred to Moore County under the provisions of Sub. 14.

Venue was retained in Tarrant County under the provisions of Art. 7425b–24, Sections A and B, V.A.C.S."

Article 7425b–24(A) and (B) of Texas Trust Act provides:

"A. The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, responsibilities, duties, and liability of trustee; the existence or non-existence of facts affecting the administration of the trust estate; to require accounting by trustee; and to surcharge trustee.

B. In cases where there be a single trustee, the venue of such actions shall be in the county of the residence of such trustee; or if a corporation, in the county of its principal place of business. Where there are two or more trustees, then the venue shall be in the county where the principal office of the trust is maintained."

Article 1995, Subdivision 30, provides:

"30. Special venue—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

We hold the record conclusively establishes the primary, dominant and ultimate purpose of this declaratory judgment suit is not to recover lands or remove encumbrances therefrom. Assuming this was a suit for the recovery of land, the above quoted portions of appellant's petition show the Bank parted with title before the commencement of this suit and under the holding in *James v. Drye,* 159 Tex. 321, 320 S.W.2d 319 (1959) Subdivision 14 would not apply.

In *James v. Drye,* supra, the court said: "This writ of error was granted because the holding of the Court of Civil Appeals that the suit was a suit for 'the recovery of lands' or 'damages to land' under Section 14 of Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, § 14, is in conflict with the holding of the Courts of Civil Appeals in the following cases: *Smith v. Rampy,* Tex.Civ.App. Amarillo, 1946, 198 S.W.2d 592; *Morris Plan Bank of Fort Worth v. Ogden,* Tex. Civ.App. Ft. Worth, 1940, 144 S.W.2d 998, and other similar cases. We approve the holding of the earlier cases that suits against former owners of land who have parted with all title prior to the filing of suit are not suits for 'the recovery of lands', or 'damages to land' within the meaning of Section 14, Article 1995, Revised Civil Statutes, 1925  .  .  ."

We hold the summary judgment proof establishes as a matter of law there is no genuine issue of fact and the Bank is entitled to be sued in the county of its domicile as a matter of law under Article 7425b–24(A) and (B) and Subdivision 30 of Article 1995, T.R.C.S. and 12 U.S.C.A. § 94.

We have considered all of Appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.