Bill P. COGDELL, Appellant,

v.

The FORT WORTH NATIONAL BANK, Trustee, Appellee.

No. 17717.

Court of Civil Appeals of Texas, Fort Worth.

April 30, 1976.

Rehearing Denied June 4, 1976.

Gloria T. Svanas, Midland, for appellant.

Law, Snakard, Brown & Gambill, and Robert M. Randolph and Marvin Champlin, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The appellant, Bill P. Cogdell, here appeals from the trial court's order overruling his plea of privilege.

The record before us and the argument made by counsel on submission of this appeal show that the appellant, Bill Cogdell, began this litigation by filing a suit against the Fort Worth National Bank seeking reimbursement from the Bank for expenses, attorney's fees, and costs incurred by him in allegedly protecting his interest in the Bill P. Cogdell trust from the overt acts of the Bank, which was the trustee of that trust. Cogdell, in his action, also sought injunctive relief (Tr. 22) and the recovery of $1,600,000 as punitive damages from the Trustee Bank for wilful delay in closing the trust.

While that action was pending in a district court of Tarrant County, the Fort Worth National Bank, as Trustee under the will of D. M. Cogdell, deceased, which trust was for the benefit of Bill P. Cogdell, the appellant here, filed a cross-action in that case against the said Bill P. Cogdell. In its cross-action the Bank alleged that D. M. Cogdell died on November 15, 1964; that his will was admitted to probate on November 30, 1964, by the Probate Court of Scurry County; that the will created an express trust in favor of the appellant, Bill P. Cogdell; that the Bank was named in the will as trustee of that trust; that the 10 year term of said trust created under the will of D. M. Cogdell for the benefit of appellant, Bill Cogdell, ended on November 15, 1974; that time for termination of the trust has therefore arrived; but that as of that termination date the trust is still involved in three lawsuits; that the appellant, Bill Cogdell, has since November 15, 1974, made demand on the Bank as trustee to distribute to him all assets of the trust that were in the Bank's hands; that the Bank is authorized to continue the litigation referred to in which it will incur expenses; it has to hire accountants to prepare a final accounting, which will cause expenses to be incurred; because of Bill Cogdell's demands the oil companies have impounded oil runs

that are due the trust estate; and that the trustee should have a reasonable time after terminating the litigation in which to file its final accounting. The relief sought by the Bank in the cross-action against appellant was a declaratory judgment declaring that the Trustee Bank had the authority to continue to exercise the powers necessary to preserve the trust estate, including the authority to proceed with the litigation in which the trust was involved until final termination thereof; that it then have a reasonable time thereafter in which to file a final accounting; that it be declared that it has the right to continue to pay litigation and operating expenses out of the trust; and that it be declared that it has the right to receive the oil runs until the trust estate is closed.

When the Bank filed this cross-action seeking a declaratory judgment, the appellant, who was the cross-defendant, filed a plea of privilege seeking to have the cross-action transferred to Scurry County, where he lived. The Bank then filed a controverting plea and later filed a motion for summary judgment as to the venue question. The trial court granted a summary judgment overruling the plea of privilege of Bill Cogdell, and Cogdell has brought this appeal from that decree.

The appellant's single point of error is that the trial court erred in rendering summary judgment on venue of the counterclaim in the absence of it having jurisdiction of the counterclaim.

We overrule that point and affirm the trial court's order overruling Cogdell's plea of privilege.

The D. M. Cogdell will provided that the Bill Cogdell trust therein created shall terminate 10 years after date of his death. This termination date was November 15, 1974. It also provided: "At the termination of each trust . . . the . . . property thereof shall pass free . . . of trust to the . . . beneficiaries."

It appears that appellant's argument in support of his single point of error is that the provisions of Art. 7425b–24 do not apply

to this case because there was no trust in existence at the time the counterclaim was filed. He argues that under the terms of the will creating the express trust the trust ended on the last day of the ten year period, to-wit: November 15, 1974, that after that date the Bank had no further powers to act as trustee; and that on that date he had the right to the immediate possession of the assets of the trust estate. He argues that because of these facts there was no trust at the time the Bank's counterclaim was filed and that the trial court for that reason had no jurisdiction of the counterclaim. He argues that since the trial court had no jurisdiction of the counterclaim it did not have venue.

We overrule appellant's contentions.

In the Bank's controverting plea it alleged that its counterclaim was filed under the authority of Article 7425b–24, Subsection A, for the purpose of having the court declare the powers, responsibilities, duties, and liabilities of the trustee and that venue of such an action is by Article 7425b–24, Subsection B, expressly placed in Tarrant County, under the particular facts of this case.

The Bank also alleged that venue of the cross-action should be kept in Tarrant County because Cogdell had first filed a suit that was pending in Tarrant County against the Trustee Bank to recover his expenses incurred in litigating with the trustee and that the cross-action involved here was a permissible counterclaim that was properly brought in connection with Cogdell's main action.

Article 7425b–24, Subsection A, provides: "The district court shall have original jurisdiction to construe the provisions of any trust instrument; to determine the law applicable thereto; the powers, responsibilities, duties, and liability of trustee. . . ."

Subsection B: "In cases where there be a single trustee, the venue of such actions shall be in the county of the residence of such trustee; or if a corporation, in the county of its principal place of business. . . ."

By affidavits in support of the motion for summary judgment the Bank proved the death of D. M. Cogdell on November 15, 1964; that he left a will that was admitted to Probate in Scurry County; that the terms of the will created the trust; that pursuant to the terms of the will the Bank accepted the appointment as trustee; that the Bank is a National Banking Association with its principal place of business in Tarrant County; and the Bank also proved the facts it had alleged in its counterclaim as above set out, including the fact that the trustee was still involved in undisposed of litigation. Cogdell offered no evidence to oppose the motion for summary judgment.

The case of *Kimble v. Baker*, 285 S.W.2d 425 (Tex.Civ.App., Eastland, 1955, no writ hist.), was an action wherein a declaratory judgment was sought by the trustee declaring the powers and duties of the trustee in connection with the winding up of the trust estate after the time when the trust had expired. Many questions involved in this case were involved in the *Kimble* case. The court at page 428 stated that the trial court held:

". . . that plaintiffs, as trustees, were, on September 1, 1954, authorized to continue to exercise the powers necessary and proper for the preservation of the trust, to partition the property and to prepare and file a final accounting and that a reasonable time for the performance of such duties would be on or before March 1, 1955; that the trustees had authority to adjust the accounts between the parties in making their final accounting; that they had authority to employ an auditor to prepare a final accounting and to pay him a reasonable fee therefor, and that they had authority to employ an attorney to file suit for a declaratory judgment to determine their status and powers."

The trial court's judgment was affirmed on appeal.

The court stated on page 428 the following: "The principal issue involved under the plaintiffs' petition was whether under the terms of the trust instruments plain-

tiffs' power to perform any further act as trustees had, as defendants were contending, fully terminated on September 1, 1954. This disputed question was vital to all parties concerned."

The court said at page 429:

"It was essential to the trustees, to those with whom they dealt and to the estate itself to determine the authority of the trustees. Otherwise, any action on their part concerning the estate would be based upon uncertainty and would be perilous and unsatisfactory to the trustees and all other parties concerned."

In answer to the beneficiaries' contention that the trustees' powers had terminated the Court of Civil Appeals in the *Kimble* case said at pages 430–431:

"The rule in such cases is that subject to the provisions of the trust instrument, the trustee has such powers and duties as are necessary for winding up the estate and has the duty to make a reasonably prompt distribution. 90 C.J.S. Trusts § 343, p. 604; Restatement of the Law of Trusts, Vol. 2, page 344. There was nothing in the trust instruments inconsistent with the trustees' exercising such powers as were necessary to wind up the trust estate within a reasonable time after the expiration of the trust.

. . .

"We overrule the contention that the court erred in holding the trustees were authorized to employ an attorney for the prosecution of this suit and to pay him a reasonable fee. We cannot say as a matter of law that the bringing of this suit by the trustees for instructions under the facts of this case was not in good faith. The trustees, under the law, had a reasonable time after the termination of the trust to make a distribution of the assets and to make an accounting. Their power to do this was questioned by appellants.

"The trustees were entitled to apply to the court for instructions concerning their powers and to incur the expense of making the application. Article 7425b–25, Vernon's Texas Civil Statutes; 54 Am.Jur., page 491; *West Texas Bank & Trust Co. v. Matlock,*

Tex.Civ.App., 172 S.W. 162. The trustees were also authorized to pay reasonable fees to an auditor for the preparation of a final account."

There was nothing in the will creating the trust that is involved in this case that is inconsistent with the trustee exercising such powers as are necessary to enable the trustee to wind up the trust estate within a reasonable time after the date provided therein for the termination of such trust.

■ We hold that jurisdiction of the Bank's cross-action was expressly placed in the District Court by Article 7425b–24, Subsection A, that is set out above.

One venue fact to be determined by the trial court was whether the action urged in the Bank's cross-action was one falling under Article 7425b–24, Subsection A, V.A.T.S. (The Texas Trust Act).

■ The question involves a determination of the nature of the suit. The petition is the best and is sufficient evidence of the nature of the cause of action. *Gilbert v. Gilbert,* 145 Tex. 114, 195 S.W.2d 936 (1946).

The nature of the suit is a question of law to be determined by the Court solely from the facts alleged in the petition, the rights asserted, and the relief sought. *Scott v. Whittaker Pipeline Constructors, Inc.,* 517 S.W.2d 406 (Tex.Civ.App., Austin, 1974, no writ hist.), and *Shellberg v. Shellberg,* 428 S.W.2d 117 (Tex.Civ.App., Fort Worth, 1968, writ dism.). The cause of action involved in the *Shellberg* case is very similar to the one involved in this suit.

■ Our examination of the cross-petition leads us to the conclusion that the action there urged clearly involves a determination of "the powers, responsibilities, duties and liability" of a trustee and that it is therefore an action falling under Article 7425b–24, Subsection A.

The remaining venue fact to be determined was the location of the principal place of business of the sole trustee, the Bank. The undisputed evidence established that the Bank is the sole trustee and that its principal place of business is in Tarrant County.

**308**

We also hold that Article 7425b–24, Subsection B, puts venue of the action in Tarrant County, where the principal place of business of the trustee Bank is located.

The trial court's ruling as to venue was correct. *Shellberg v. Shellberg*, supra; and *Bill P. Cogdell v. The Fort Worth National Bank*, decided by the Eastland Court of Civil Appeals, 536 S.W.2d 257, 1976.

Further support for the legal principles announced in the *Kimble* case, supra, can be found in the Restatement of the Law of Trusts, Vol. 2, Sec. 344; in A. Scott, "Law of Trusts" (3d Ed., 1967), Secs. 344 and 345; and in G. Bogert, "The Law of Trusts and Trustees" (2d Ed., 1962), Sec. 1010.

In its argument under its single point of error Cogdell also makes the following statement: "There was no jurisdiction in the lower Court in the absence of indispensable parties under the . . . Declaratory Judgments Act, (V.A.T.S. art. 2524–1, § 11)." He at no place in his argument suggests the names of persons that he claims were indispensable parties that were not made parties in the cross-action.

■ We overrule that contention. Article 2524–1, Sec. 11, V.A.T.S., requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration. . . ." The relief sought by the counterclaim was a declaration of the rights, powers and duties of the trustee Bank under the Bill Cogdell trust of which trust the appellant is the sole beneficiary. The trustee and the sole beneficiary are parties to the suit and they are the only necessary parties under Article 2524–1, Sec. 11, V.A.T.S.

Added authority for our conclusion that the trustee Bank and the sole beneficiary of the trust are the only necessary parties to the counterclaim involved here is Article 7425b–24, Subsection C, which provides: "Actions hereunder may be brought by a trustee. . . . The only necessary parties to such actions shall be those persons designated by name in the instrument creating the trust. . . ."

We are convinced that there are additional reasons why the trial court's ruling on venue was correct. It is not necessary for us to discuss them in view of what has been said.

The judgment is affirmed.