John Glenn DUNGAN et al., Appellants,

v.

UTICA MUTUAL INSURANCE COMPANY,
Appellee.

No. 3706.

Court of Civil Appeals of Texas.

Waco.

Jan. 28, 1960.

Rehearing Denied Feb. 11, 1960.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Touchstone, Bernays & Johnston, John F. Harrison, Dallas, for appellants.

Thompson, Knight, Wright & Simmons, David M. Kendall, Jr., Dallas, for appellee.

WILSON, Justice.

This is a non-jury declaratory judgment action involving an automobile liability insurance policy issued by appellee. The principal question relates to agency.

Appellee declined to defend a personal injury action arising out of an accident in Ellis County, Texas involving a gravel truck insured by appellee, driven with the owner's permission by appellant Dungan, who was the brother of the named insured. Appellee denies coverage under a 50-mile radius endorsement providing that if regular or frequent trips are made outside such radius, the insurance would not apply to accidents during such trips. It is conceded this defense is good if the endorsement became effective.

The unassailed findings of the trial court, which we adapt in summary, amply state the facts: The father of F. D. Dungan was the previous owner of the truck involved. He procured a policy covering the truck from appellee's agent in Charleston, Mississippi, to which there was then or shortly thereafter attached a 50-mile radius endorsement. The father soon sold the truck to his son, F. D. Dungan. At the time of this sale the son requested his father "to procure insurance upon the truck of the same type" he had carried on it before. "Pursuant to these instructions and authority" the father ordered a policy which expired in January, 1958. After delivering this policy to the father as agent of the son, the issuing agency delivered to the father a 50-mile radius endorsement prepared in appellee's Atlanta office, to be attached. Thereafter the same Mississippi agency issued the policy involved here.

The present policy was purchased by the father "for and on behalf of and with the authority of" the son, at the son's request "that he purchase again the same type of insurance which had theretofore covered" the truck. Appellee again sent a

50-mile radius endorsement to the issuing agency, which was delivered by the agency to the father. Neither the named insured or his brother, the omnibus insured, "had any contact of any kind" with the issuing agency or appellee with reference to the policy.

The trial court found that the father "was aware both before and after the issuance" of the policy "of the fact that the policy issued and to be issued would have upon it" the 50-mile radius endorsement. The premium charged was based on inclusion of the endorsement and would have been substantially higher without it. "The policy was delivered with the mutual understanding of the parties, acting by and through their agents that the same would have attached to it at some later date" the radius limitation endorsement. The evidence showed the issuing agent prepared and delivered the original policy "and Utica Mutual in Atlanta, Georgia adds the limitation endorsements to it" from the declarations. The named insured testified he was not familiar with the previous coverage his father had on the truck: "Well, I don't know what he had." The issuing agency had been dealing with the father on insurance matters since 1956. He died before the evidence was developed. The son testified he never received the endorsement, and that it was never attached to the policy "that I know of."

Upon these facts the trial court concluded that since the accident in question occurred while the truck was being used contrary to the provisions of the endorsement, the insurance did not apply. Appellants attack this determination, contending that the court erred in concluding the endorsement was an operative part of the policy and constituted a policy defense. They assert the father's authority did not extend to receiving the endorsement, but was limited to accepting delivery of the original policy.

The trial court's findings of fact are not challenged. As appellants state, the deci-

sive facts are uncontroverted. We think the court's determination was correct on well settled general principles of agency. 2 Tex.Jur.2d, Agency, Secs. 31, 32, 34, 49, 51; 44 C.J.S. Insurance § 169; 16 Appleman, Insurance, Sec. 8735; 2 Couch, Insurance, Secs. 441–443. The court's findings (a) that the express scope of the agent's authority was "to purchase again the same type of insurance which had theretofore covered" the truck, and (b) that the insurance which had theretofore covered the truck included the endorsement, clearly support the judgment, making it unnecessary to pass on appellants' second point relating to principal use.

The judgment is affirmed.