**RED FISH BOAT COMPANY, Appellant,**

v.

**The JARVIS PRESS, INC., Appellee.**

No. 16081.

Court of Civil Appeals of Texas.

Dallas.

Oct. 12, 1962.

Rehearing Denied Oct. 26, 1962.

Pat C. Beadle, Clarksville, for appellant.

Edwards, Fortson, Sowell & Akin and Ted M. Akin, Dallas, for appellee.

DIXON, Chief Justice.

Red Fish Boat Company, a corporation, has appealed from a judgment overruling its plea of privilege.

The Jarvis Press, Inc. appellee, sued appellant in a District Court in Dallas County, Texas. The suit is based on an alleged written contract for the printing of 250,-000 catalogues at a price of $98.40 per thousand.

Appellant is a resident of Red River County and seeks to have the suit transferred to that County for trial.

In its controverting affidavit appellee alleges that the written contract is by its express terms collectible in Dallas County, and that the contract arose in Dallas County; therefore venue properly lies in Dallas County under subds. 5 and 23 of Art. 1995, Vernon's Ann.Civ.St.

Appellant presents only one point on appeal, which is as follows: "The trial court erred in overruling defendant's plea of privilege".

The point is much too general and indefinite to require our consideration. White v. Great American Reserve Ins. Co., Tex.Civ.App., 342 S.W.2d 793; Tindall v. Tacconelly, Tex.Civ.App., 328 S.W.2d 909; Rosenfield v. Hull, Tex.Civ.App., 304 S.W. 2d 571; In re Martin's Estate, Tex.Civ. App., 284 S.W.2d 279; Miguez v. Miguez, Tex.Civ.App., 221 S.W.2d 293; Rule 418, Texas Rules of Civil Procedure; 4 Tex. Jur.2d 155.

However, we gather from appellant's brief as a whole that it bases its appeal on two contentions: (1) that appellee's Exhibits Numbered 1, 2 and 3 do not constitute a written contract, and (2) that no evidence was introduced that Herman P. Walters who signed the Exhibit Numbered 3, was authorized to bind appellant as its agent. We shall therefore proceed to consider said contentions. Moore & Moore Drilling Co. v. White, Tex.Civ.App., 345 S.W.2d 550; Walker v. Bedell, Tex.Civ. App., 320 S.W.2d 913.

There is no merit to appellant's first contention. Exhibits Numbered 1 and 2 are 1

a letter with 2 enclosed specifications constituting a written offer from appellee to appellant.

The letter is dated July 26, 1960. Its second paragraph is as follows: "We would appreciate very much if you would send us a formal purchase order or a confirming letter." Also the letter contained an offer in substance as follows: if appellant would make a payment of $7,100 in advance on the contract, the catalogues would be billed to appellant at $70 per thousand once a month as shipments were made. If such advance payment could not be made, the catalogues would be billed to appellant at $98.40 per thousand as shipped.

Exhibit Numbered 2, which accompanied the above letter went into greater detail as to the terms. We quote from the Exhibit:

"To Red Fish Boat Company, Clarksville, Texas.

Subject: 1960–61 Boat Catalogues.

Quantity Description and Size—250,000

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Delivery: F.O.B. Dallas, Texas
Price
        Total Price $24,600.00 ($98.40 per thousand).
          To be billed as shipped in lots of 15,000 or more.

Terms Net 30 days.      All invoices are collectible at Dallas, Texas."
                                  (Emphasis ours).

Exhibit Numbered 3 is a letter, dated July 29, 1960, from appellant to appellee in reply to appellant's offer. We quote from this reply:

"The Jarvis Press, Inc
"2134 Irving Boulevard
"Dallas 7, Texas

"Thank you for your letter of July 26th and in compliance with your request by letter, telephone conversation and our personal meeting.

"As I especially discussed with you personally, we prefer monthly shipments and agree for your company to bill us at $98.40 per thousand as shipped.

"You have agreed to deliver us a brown line copy for our approval at your earliest convenience and to deliver 15,000 catalogues by September 15th. At that time we will give you monthly purchase orders for our thirty day needs in advance. All catalogues will be printed and shipped on an eight months period, September through April of next year.

\*   \*   \*   \*   \*   \*

"Very truly yours
"RED FISH BOAT
    COMPANY
"/s/ HERMAN P. WALTERS
"Chairman."

The evidence shows that pursuant to the above agreement appellee printed 184,450 catalogues, of which 121,450 were delivered to appellant. The balance were held for appellant's instruction in regard to delivery.

Appellant paid appellee a total of $9,410.-76 on the contract leaving a balance of $2,-539.92 past due and unpaid, and a balance for full performance of the contract of $7,-761.43.

So far as the record shows appellant did not attempt to repudiate the contract until some time after May 15, 1961. The con-

troversy up to that time was concerned only with appellant's failure to pay the consideration as it became due. This state of affairs is reflected in a letter from appellant to appellee dated May 15, 1961 as follows:

"May 15, 1961
"Mr. Gordon Hughes
"Jarvis Press
"2134 Irving Boulevard
"Dallas, Texas
"Dear Gordon:
"I am enclosing a check for $1,000.00 on the Red Fish Boat Company balance and I am sorry that we have been so long in paying this account but as you know the boating seasons is from 30 to 60 days late and it is still not too good at this point. We will pay you along on the balance as we can.
"As to the 60,000 catalogues you now have in stock, I wish to inform you again that we are well stocked and will give you releases, as and when, we have need for them.
"Again let me thank you for your patience in this matter.
"Sincerely yours
"(Sgd) H. A. Walters
"H. A. Walters, sr."

The three documents, Exhibits Numbered 1, 2 and 3, in our opinion, constitute a contract in writing payable under its terms in Dallas, Texas. Appellant says that its letter of July 29, 1960 is not a letter of acceptance. We think it is. Its opening paragraph, though not a grammatically complete sentence, is obviously in compliance with appellee's request for a confirming letter. Appellant points out that its letter nowhere specifically states that it agrees to purchase 250,000 catalogues. It was not necessary for the letter of acceptance to repeat in detail the terms of the offer made by appellee. Appellant also claims that its letter of July 29, 1960 stipulates different terms for delivery of the catalogues from those set out in appellee's offer. We do not agree. The shipping instructions contained in appellant's letter

are not inconsistent with the shipping and billing provisions of appellee's letter. But if we were to hold that appellant's letter did contain a slight variation from appellee's offer, it would not avail appellant. For appellee by its actions agreed to the terms of appellant's signed letter. It is well settled that one person may sign a contract and be bound by the writing though, the other person to the agreement signifies his acceptance only by his acts, conduct or acquiescence. Vinson v. Horton, Tex.Civ. App., 207 S.W.2d 432. See also Harrison v. Facade, Inc., Tex.Civ.App., 355 S.W.2d 543 and Dowdell v. Ginsberg, Tex.Civ.App., 244 S.W.2d 265.

Appellant's second contention must also be overruled. There is evidence that Herman P. Walters was Chairman of appellant's Board of Directors. In any event appellant has not pled under oath that Herman P. Walters lacked authority as agent to bind appellant.

Referring to pleas of privilege Rule 86, T.R.C.P. as amended, expressly provides as follows:

"* * * provided that such plea shall not constitute a denial under oath of any allegations of plaintiff's petition required to be denied under oath by Rule 93 unless specifically alleged in such plea."

Rule 93, T.R.C.P. expressly provides that denial of the execution of an instrument in writing by a party, or by his authority, upon which any pleading is founded shall be verified by affidavit. Appellant's failure to deny under oath the authority of Herman P. Walters to bind it as its agent is fatal to its second contention. Ladner v. Reliance Corp., 156 Tex. 158, 293 S.W.2d 758, 763; North Texas Tank Co. v. Pittman, Tex.Civ.App., 290 S.W.2d 724, 729; Bailey v. A. R. A. Mfg. Co., Tex.Civ.App., 285 S.W.2d 849, 851; Harvey v. Bain, 140 Tex. 375, 168 S.W.2d 234.

The judgment of the trial court is affirmed.