**EI J. WARE, Appellant,**

v.

**Abraham Allen WARE et al., Appellees.**

**No. 4035.**

Court of Civil Appeals of Texas.

Eastland.

April 1, 1966.

Rehearing Denied May 13, 1966.

J. Carroll McConnell, Dixon, Alley & Petrovich, Travis Alley, Ft. Worth, for appellant.

John P. Ritchie, Mineral Wells, Charles Shumaker, Weatherford, for appellees.

GRISSOM, Chief Justice.

On February 4, 1965, the County Court rendered judgment removing El J. Ware as an independent executor of the estate of W. T. Ware. He was not cited but he was present and knew of the judgment when it was rendered. His first action to rid himself of the judgment occurred on the 24th of February, 1965, when he filed a motion to set aside the judgment removing him. Other executors of said estate filed a motion to dismiss El J. Ware's said motion. They contended that the judgment rendered February 4, 1965, removing El J. Ware as an independent executor of said estate had become final; that notice of appeal therefrom had not been given within ten days after its rendition; that no appeal bond was filed within fifteen days after its rendition and no designation of the contents of a transcript on appeal had been filed; that, since the judgment of removal was rendered under the provisions of the Probate Code and none of the requisite steps for appeal therefrom had been taken, said judgment had become final and the County Court was without jurisdiction to grant El J. Ware's motion to set it aside. On March 23, 1965, the County Court set aside its order of February 4th removing El J. Ware as an independent executor and overruled the other executors' motion to dismiss El J. Ware's said motion. Abraham Allen Ware and another independent executor of said estate appealed. The County Court entered an order permitting said executors to appeal to the District Court without filing an appeal bond. Section 29 of our Probate Code provides that an executor may appeal without bond, unless the appeal concerns him personally. If a fact question was raised as to whether the appeal concerned said appellants personally the County Court determined it in favor of the executors who appealed to the District Court. The District Court held that, since El J. Ware did not file a motion for a new trial within ten days and the order setting aside said judgment of removal was not rendered within thirty days after its rendition, the County Court did not have jurisdiction to set aside the judgment of removal. El J. Ware has appealed from the District Court to this court.

Appellant says the judgment of the District Court should be reversed because (1) the judgment of the County Court removing him was void; (2) the order of the County Court reinstating him was within its power and jurisdiction for the reason that his motion to set aside the judgment removing him was a statutory bill of review within the meaning of Section 31 of the Texas Probate Code; (4) the record shows that the order removing him was void on its face and the order reinstating him was authorized by his statutory bill of review; and because (5) the County Court considered appellant's motion for reinstatement as a bill of review and (6) the District Court erred in assuming jurisdiction of the other executors' appeal because they failed to file an appeal bond. Appellant argues that the order of the County Court removing him is void on its face because the only legal cause for removing an independent executor is failure to give bond after being ordered to do so. The Probate Code provides otherwise. Section 222.

■ The question decided by the District Court was whether the County Court had jurisdiction on March 23, 1965, to set aside its judgment of February 4, 1965 removing El J. Ware as executor. The controlling question presented here is the same. The judgment removing El J. Ware as executor

was rendered February 4, 1965. His motion to reinstate was filed February 24th and the order setting aside the judgment of removal was rendered March 23, 1965, forty-seven days after rendition of the judgment removing him. A motion for a new trial, when required, must be filed within ten days after the judgment complained of is rendered. Tex. Rules of Civil Procedure 329b, subd. 1. To appeal El J. Ware was required to file a bond within fifteen days after rendition of the judgment of removal. RCP, 333. Such an appellant is also required to file a transcript in the District Court within thirty days. RCP, 336. Appellant did none of these things. RCP, 329b, subd. 5 provides that judgments shall become final thirty days after rendition of the judgment and that after expiration of thirty days the judgment cannot be set aside except by bill of review. Subdivision 6(c) of RCP 329b provides that judgments shall become as final after thirty days as if the term of court had expired.

If appellant's motion to set aside the order removing him as executor was a motion for a new trial it was not filed within time. We cannot concern ourselves with the question of whether the County Court erred in removing appellant as executor. We may determine only whether the order removing him had become final when the County Court so attempted to set it aside. The County Court was without jurisdiction to enter the order reinstating him on March 23, 1965, forty-seven days after the order of removal was rendered. Cash v. Kosberg, Tex.Civ.App., 374 S.W.2d 773; Cargill, Inc. v. Van Deweghe, 384 S.W.2d 216. Unless said proceeding was then a pending case, which it was not, the judgment of removal had become impervious to attack except by a bill of review. Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701, 704. Appellant cites in support of his contention that his said pleading constituted a bill of review. RCP, 71. That rule merely provides that when a party has mistakenly designated a pleading it shall be treated as if it had been properly named.

■ Was appellant's motion to set aside the judgment removing him a bill of review?

"In a bill of review proceeding the plaintiff must allege and prove that he was not negligent in suffering the default judgment to be rendered against him and that he has a meritorious defense to the suit." McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 710.

Appellant's motion did not contain these essential allegations of a bill of review. The court further said at page 710, that if the defendant learned of the judgment within thirty days after its rendition he could file a motion for a new trial and, if it was overruled, he could obtain relief by appeal and, at page 711,

"Only if a court had no jurisdictional power to render the judgment should a negligent defendant or one with no meritorious defense to the suit be able to relieve himself of the burdens and consequences of a default judgment."

Appellant knew of the judgment when it was rendered. He did nothing for 47 days. He had time to do so but he did not appeal. Appeal was an adequate legal remedy.

In Moore v. Mathis, Tex.Civ.App., 369 S.W.2d 450, (Ref. N.R.E.), Moore sued Mathis to enjoin enforcement of a default judgment obtained against him by Mathis and for a bill of review. Moore's bill of review was filed on October 12, 1962. We held that, since appellant had not exhausted his adequate legal remedies, he could not set aside the judgment by a bill of review without alleging and proving fraud, accident or wrongful conduct of the opposing party which prevented him from asserting his defense. We are forced to the conclusion that the record shows that apppellant did not avail himself of adequate available legal remedies and that his pleading was insufficient as a bill of review. Gehrke v. State, Tex.Civ.App., 363 S.W.2d 490, (Writ Ref.); Velasco Drainage District of Brazoria County v. Brock, Tex.Civ.App., 372 S.W.2d 567.

The judgment is affirmed.