**Melissa Elizabeth BUNTING et al., Appellants,**

v.

**Nola Elian CHESS, Appellee.**

**No. 4121.**

Court of Civil Appeals of Texas.

Eastland.

May 26, 1967.

Rehearing Denied May 26, 1967.

Mayfield, Broaddus & Perrenot, El Paso, Richard B. Perrenot, El Paso, Pearson & Speer, El Paso, James M. Speer, El Paso, for appellants.

Bert Williams, El Paso, for appellee.

WALTER, Justice.

Nola Elian Chess' second motion for rehearing is overruled. Bunting's second motion for rehearing is granted. Our original opinion of March 17, 1967, and our opinion on motion for rehearing dated April 14, 1967, are withdrawn and the following is substituted therefor. Our former judgment is set aside and judgment now rendered denying a recovery of the $3,000.00 guardian ad litem fee to Williams and in all other respects, the judgment is affirmed.

This suit was originally brought by Melissa Elizabeth Bunting in the County Court of El Paso County for partition and distribution of the estate of Elliot Chess, deceased. Florence Chess, Nola Elian Chess, a minor, and Elaine Hemley, the mother of Nola Elian Chess, were served with notices of the application. Elaine Hemley filed a disclaimer. In a non jury trial, the court found that Elizabeth Bunting and Florence Chess, aunts of the deceased, were his sole heirs and that Nola Elian Chess was not his daughter. The court awarded a fee to the guardian ad litem of the minor and an attorney's fee to the court appointed attorney for Elaine Hemley, a non resident, to be paid out of the estate. All parties were dissatisfied with the judgment. Bunting and Chess objected to that part of the judgment awarding guardian ad litem's fees and attorney's fees to be paid out of the estate. Nola Elian Chess objected to the judgment because it failed to find that she was the daughter of Elliot Chess, deceased.

In a non jury trial in the District Court, judgment was rendered that Nola Elian Chess was not the daughter of Elliot Chess and that Bunting and Chess were the sole heirs at law of Elliot Chess, deceased. The court allowed Bert Williams, the guardian ad litem for the minor, a fee of $3,000.00. All parties were dissatisfied with the District Court's judgment.

The minor contends that the findings of the court that her mother was not married to Elliot Chess and that she is not the lawful issue of Elliot Chess are against the great weight and preponderance of the evidence. She also asserts that the court erred in admitting and excluding certain evidence.

The minor alleged that she was the daughter of Elliot Chess who died intestate in El Paso, Texas, December 27th, 1962. She alleged that she was the only child of the deceased and was entitled to his estate. Melissa E. Bunting, a maternal aunt, and Florence Chess, a paternal aunt, asserted they were the only heirs at law of Elliot Chess.

Elaine Gottlieb Hemley, the mother of the appellant. Nola Elian Chess, testified

substantially as follows: I married Elliot Chess September 15, 1946, in Ajiji, Mexico, and lived with him until on or about November 16, 1946. Elliot did not make an application for a marriage license in the Republic of Mexico. I have no written evidence that I was married to Elliot. It wasn't that kind of marriage. I said to him, "I take thee Elliot to be my lawful wedded husband" and he said to me, "I take Elaine to be my lawful wedded wife." I did not sign a civil registry of our marriage in the Republic of Mexico. Neither Elliot nor I appeared before any public official, by proxy or otherwise, to be married. On November 17th I boarded a train for Mexico City. Elliot kissed me goodbye at the hotel early that morning and that was the last time I saw him. I returned to New York and the appellant was born on July 3rd, 1947. Elliot Chess is the father of Nola Elian Chess. I am presently married to Cecil Hemley. Before I married Mr. Hemley, I filed a suit for annulment of my marriage to Elliot. He filed a verified answer and asserted that he was never married to me. The annulment suit was still pending when I married Mr. Hemley. When Mr. Hemley and I applied for a marriage license, I used the name of Elaine Gottlieb. The birth certificate of Nola Elian was introduced in evidence and shows that Elliot Chess is her father.

■ We have considered the entire record and hold that the court's findings that Elliot Chess and Elaine Gottlieb were never married and that Elliot Chess had no lawful issue are not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The minor's points 1 and 2 are as follows:

"POINT ONE

"The Court erred in the finding that 'no marriage between Elliot Chess and Elaine Gottlieb (also known as Elaine Hemley) was ever entered into at any time or at any place' inasmuch as this is contrary to the evidence and against the weight of the evidence. *Appellees* proved the contract of marriage.

POINT TWO

The court erred in the finding that 'Elliot Chess had no lawful issue' inasmuch as this is against the weight of the evidence and is not decisive of the infant-claimant's right to inherit from him. The mother of said infant-claimant believed, from all that had been said and done, that she was actually married to Elliot Chess; and even if said marriage be deemed null in law, the infant-claimant can inherit from her father pursuant to Section 42 of the Probate Code of Texas [V.A.T.S.] that states, 'The issue also of marriages deemed null in law shall nevertheless be legitimate.' "

She does not say they were intended to present points that the evidence established conclusively or as a matter of law that Elliot Chess and her mother were married and that she was the lawful issue of Elliot Chess, but if that is what she means then we will so consider them in the event we are mistaken. After so considering them, according to the appropriate rule, we find that the record does not conclusively show that Elliot Chess and the mother of the minor were married and that such minor is the lawful issue of Elliot Chess. Renfro Drug. Co. v. Lewis, 149 Tex. 507, 235 S.W. 2d 609, 23 A.L.R.2d 1114, (1950).

■ The minor's point that the court erred in receiving in evidence the Civil Code of Jalisco, the opinion of two Mexican lawyers and the decision of the Supreme Court of Mexico cannot be sustained. In Nevarez v. Bailon, 287 S.W.2d 521 (Ct. Civ.App., 1956, writ ref.), the court said:

"It was testified without contradiction that the only valid legal marriage in Chihuahua, Mexico, was one performed by and through the civil authorities, and as one attorney described the situation, those people who entered into merely a

religious ceremony, or the state of concubinage without ceremony, have consummated a 'legal union' but not a legal marriage. It was further testified that marriages can be proven in Mexican courts only by presentation of a certified copy of the certificate or instrument drawn up in the Civil Authorities' authorized book. It is clear then that appellant could not have proved a valid marriage in Mexico because she had never entered into any civil ceremony with the deceased. If she could not have proven a valid marriage there, then of course she cannot come into the Texas Courts as a surviving wife, because her standing here must depend on her ability to establish her status as a surviving wife at the place of her residence."

■ The minor has other points complaining about the court's ruling on the admission and exclusion of evidence. We have considered these points and have concluded that the appellant has not discharged her burden of showing that such errors, if any, were reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Texas Rules of Civil Procedure.

We have considered all of the points of the appellant Nola Elian Chess and find no merit in them. They are overruled.

We will now consider the appeal of Bunting and Chess. They contend the court erred in failing to render judgment that Gus Rallis was not entitled to an attorney's fee to be paid out of the estate for representing Elaine Hemley, a non resident, in the County Court and that Bert Williams was not entitled to a fee to be paid out of the estate for his services as guardian ad litem of the minor in the County Court. They also assert the court erred in awarding a fee to Williams for services as guardian ad litem for the minor in the District Court trial.

Bunting and Chess were aggrieved by the judgment of the County Court award-ing the guardian ad litem a fee of $2,000.00 and awarding a fee of $800.00 to the attorney appointed to represent the non-resident, both of said fees to be paid out of the estate of Elliot Chess. Article 28 of the Probate Code V.A.T.S. authorizes any such aggrieved person to appeal to the District Court. Rule 337, T.R.C.P., as amended, provides that such cases shall be tried de novo. The jurisdiction of the district court, after the appeal, was appellate only and confined to a trial of the issues made in the probate court. Marshall v. Hobert's Estate, 315 S.W.2d 604 (Ct.Civ.App., 1958, writ ref.).

■ In A & M College of Texas v. Guinn, 280 S.W.2d 373 (Ct.Civ.App. 1955, writ ref. n. r. e.), the Court said:

"The judgment of the District Court in Cause No. 669 is also invalid for a vice which appears upon the face of the judgment record in that the judgment affirmatively discloses that it is but an attempt to review and correct errors committed by the Probate Court. The District Court in the exercise of its appellate jurisdiction in probate matters from the County Court does not have this authority. It must grant and conduct a trial de novo. Rules 334, 350, T.R.C.P. By this is meant that the trial should be conducted as if the suit had been orginally brought in that court and it, the District Court, may neither affirm nor reverse the order of the County Court from which the appeal is taken."

■ The record shows, without dispute, that Elaine Hemley made no appearance and was not a party to the District Court proceedings. No evidence was presented in support of the award of attorney's fees to Gus Rallis. Therefore, in the de novo trial in the District Court, no issue was presented and that court was warranted in failing to award attorney's fees to Rallis.

■ No evidence was presented in the District Court in support of the award of the guardian ad litem fee to Bert Williams

for services rendered in the County Court. Therefore, that issue was not presented and the court was warranted in failing to award said guardian ad litem fee. We find no authority to support the award of a guardian ad litem fee to Williams in the District Court. That portion of the judgment awarding such fee is reversed. We hold that the guardian ad litem is not entitled to any fee which could be taxed as cost against the successful parties. The judgment is otherwise affirmed.