Etta Maloney ALLEN et al., Appellants,

v.

John HEUERMANN et al., Appellees.

No. 15492.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

July 11, 1969.

Rehearing Denied Sept. 11, 1969.

W. E. Barron, Navasota, David Bland, Atty., Houston, Barrow, Bland & Rehmet, of counsel, Houston, for appellants.

Ted Musick, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from the judgment of the District Court of Grimes County, Texas, rendered in an appeal from the judgment of the County Court of Grimes County sitting in matters probate, approving a final accounting in the Estate of A. H. Heuermann and Ella Heuermann, Deceased.

The order of the County Court from which an appeal to the District Court was attempted is dated June 26, 1967, and was filed by the County Clerk on that date. This order approved the final accounting of Etta Maloney, personal representative, ordered the payment of the debts set out in the account, set out the names of the heirs and their respective interests in the estate, ordered the funds remaining in the estate, as shown by the account, distributed

to them, and decreed that, on payment of the debts and the distribution of the funds, Etta Maloney and her bondsmen be discharged and released of all liability. The order recites that Henry Heuermann and John Heuermann appeared in person and by attorney.

The record discloses that a notice of appeal in the form of an affidavit of appellees' attorney dated September 1, 1967, was filed by the County Clerk of Grimes County on September 5, 1967. This instrument bears the name, style and docket number of the estate and recites: " * * * I have just this date, September 1, 1967, received a copy of the order approving final accounting in this case, which was signed by the Judge on June 26, 1967. I did not know this order was entered until today, having received no copy of it; * * *. This is our notice of appeal, * * *."

On September 23, 1967, the County Clerk approved an appeal bond signed by John Heuermann, Emory Heuermann, and Emmett Heuermann, as principals, with a proper surety. This bond recites: "Whereas in the above styled and numbered cause * * * on the 26th day of June, 1967, an Order approving final accounting was rendered, from which John Heuermann, Emory Heuermann, and Emmett Heuermann desire to perfect an appeal to the District Court of Grimes County, Texas: * * *"

On September 29, 1967, appellees filed their petition in the District Court. The case was called for trial on October 7, 1968. The statement of facts reflects that a hearing was first held on appellants' plea in abatement based on the facts that the notice of appeal and the bond were not timely filed. The court overruled the plea in abatement. The case proceeded to trial before a jury and judgment was entered based on the jury verdict. Appellants' motion for judgment non obstante veredicto was overruled. One ground of the motion was the failure to timely perfect an appeal. Again in the motion for new trial appellants urged that appellees had failed to perfect an appeal; that the order approving

the final account had become final, and that the District Court had no jurisdiction to entertain the appeal.

The District Court erred in overruling appellants' plea in abatement and in assuming jurisdiction of the purported appeal. Appellees failed to comply with the mandatory provisions of the rules relating to the time allowed for filing of the notice of appeal and the appeal bond. Roberts v. Roberts, 405 S.W.2d 211, 18 A.L.R.3d 599 (Tex.Civ.App.—Waco, 1966, writ ref., n. r. e.); Ware v. Ware, 403 S.W.2d 227 (Tex. Civ.App.—Eastland, 1966); Farley v. Cook, 402 S.W.2d 779 (Tex.Civ.App.—Texarkana, 1966).

This was an appeal from the order approving the final account rendered on June 26, 1967. Rule 332, Texas Rules of Civil Procedure, requires that notice of appeal be given or filed within ten days from the date of rendition of the order appealed from and requires that the notice identify such order, decision, decree, or judgment. Rule 333, T.R.C.P., provides that the parties appealing an order shall file an appeal bond within fifteen days from the date of rendition of such order.

Appellees contend that the appeal was perfected because the county judge entered an order directing the payment of certain claims on September 8, 1967. This order did not purport to be an amended final account. It was not the order from which the appeal was attempted. Assuming that the District Court had jurisdiction of an appeal from the order of September 8, 1967, this jurisdiction would not authorize the trial of issues relating to the order of June 26, 1967.

The jurisdiction of the District Court after an appeal is taken in probate proceedings is appellate only. The District Court has no authority to review and correct errors, but it must grant a trial de novo and conduct trial as if suit had been originally brought in that court. However, the suit must be tried on the issues which were raised by the pleadings in the County Court and which were within the jurisdiction of the County Court. Marshall v. Hobert's Estate, 315 S.W.2d 604 (Tex.Civ.App.—Eastland, 1958); Bunting v. Chess, 416 S.W.2d 492 (Tex.Civ.App.—Eastland, 1967), error dism'd, cert. den. 392 U.S. 938, 88 S.Ct. 2312, 20 L.Ed.2d 1397; Jones v. Jones, 301 S.W.2d 310 (Tex.Civ.App.—Texarkana, 1957, error ref., n. r. e.); In re Martin's Estate, 284 S.W.2d 279 (Tex. Civ.App.—El Paso, 1955, error ref., n. r. e.).

The judgment of the District Court is reversed and the cause is remanded with instructions that the cause be dismissed.