W. T. FAIL, Appellant,

v.

Charles L. LEE et al., Appellees.

No. 17703.

Court of Civil Appeals of Texas, Fort Worth.

March 12, 1976.

Brown & Hill, and Barrett Keith Brown, Sherman, for appellant.

Stark & Barnhart, Inc., and Barry D. Moore, Gainesville, for appellees.

## OPINION

BREWSTER, Justice.

The trial court sustained the motion for summary judgment filed herein by the two plaintiffs, Charles L. Lee and James R. Green, and the defendant, W. T. Fail, has appealed.

The two plaintiffs originally sued Fail alleging that the parties owned an oil and gas lease jointly (describing the land involved). They therein sought a partition of the oil and gas leasehold estate, the appointment of a receiver to carry out the partition through sale and division of the proceeds, and they asked for an accounting and an inventory of all jointly owned property that Fail had possession of.

The plaintiffs later filed an amended petition in the case alleging that the above referred to suit had been filed and that while said case was pending Fail's attorney of record, Barrett Keith Brown, submitted to Richard S. Stark, the plaintiff's attorney of record, an offer in writing by letter dated March 10, 1975, in which defendant offered to settle all issues in controversy in the partition and accounting suit. Mr. Brown's written offer of settlement, signed by that attorney, that is referred to is as follows:

"March 10, 1975

"Mr. Richard S. Stark
Stark and Barnhart, Attorneys
P. O. Box 656
Gainesville, Texas 76240

"Re: Charles L. Lee, et al
vs. W. T. Fail, et al

"Dear Mr. Stark:

"In connection with the above captioned matter, I submit the following for the consideration of you and your clients in full and final settlement of all claims of Charles L. Lee and James R. Green against W. T. Fail.

"(1) In consideration of an assignment of Messrs. Lee and Green's entire working interest in the Harrell Lease in Cooke County, Texas, and further consideration of Messrs. Lee and Green's payment of one-half (½) of all court costs incurred in the above matter, Mr. Fail will pay to Messrs. Lee and Green $2,500.00 each and all claims made by Mr. Fail against Messrs. Lee and Green resulting from the operation of the Harrell Lease in Cooke County, Texas will be released. Further, the assignment mentioned above will be effective with the first runs on the first day of March, 1975, and Messrs. Lee and Green shall receive their pro-rata share of runs as of March 1, 1975.

"(2) This offer is conditioned upon its acceptance by Messrs. Lee and Green and the exchange of the necessary instruments to effectuate the above offer and the agreement by Messrs. Lee and Green to pay one-half (½) of all court costs incurred in this matter prior to March 25, 1975.

"Please submit this offer to your clients and let me hear from you at your earliest possible convenience.

"Yours very truly,

"(Signed) Keith Brown

"Barrett Keith Brown"

The amended petition alleged that the attorney, Brown, was authorized by Fail to make that written offer to plaintiffs, and that the plaintiffs accepted such offer by fully performing and by furnishing to Fail all of the things that the written offer had required him to furnish before March 25, 1975. Plaintiff alleged that after the offer was made and after it had been accepted by plaintiffs the defendant thereafter breached the contract by refusing to carry out its part of the settlement agreement.

In plaintiffs' amended petition they prayed for a decree of specific performance against the defendant, Fail.

While the case was pending the plaintiffs moved for a summary judgment requiring specific performance by Fail and the trial court rendered the requested summary judgment. This appeal is from that decree.

Fail's only point of error is that the trial court erred in granting the summary judgment because the affidavit filed by Fail in opposition to the motion for summary judgment raised fact issues.

■ Defendant's argument made thereunder shows that the sole issue presented by the point is: Is the defendant's affidavit filed in opposition to plaintiffs' motion for summary judgment sufficient to raise the following fact issue, to-wit: did defendant's attorney have the authority to submit the offer of settlement that he submitted to plaintiffs?

We overrule defendant's point of error and affirm the trial court's decree.

The record reveals that the only pleading that was ever filed in the case by the defendant, Fail, consisted of an unsworn general denial and nothing else. The answer was signed by Keith Brown, attorney for Fail.

The action sued on by plaintiffs in their first amended petition is founded, at least in part, upon the written offer of settlement which plaintiffs charged that Fail's attorney executed, with Fail's authorization, and submitted to them through their attorney. There was no allegation that such written offer had been either lost or destroyed.

Rule 93(h), T.R.C.P. provides in part as follows: "*Certain Pleas To Be Verified*—A pleading setting up any of the following matters, unless the truth of such matters

appear of record, shall be verified by affidavit.

" . . .

"(h) Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. . . . In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved."

Our analysis of the contention urged in defendant's brief is that he claims that plaintiffs did not prove as a matter of law at the summary judgment hearing their right to a summary judgment, because they did not establish as a matter of law that defendant's attorney of record, Brown, was authorized by the defendant to make the offer of settlement contained in the letter above set out. They contend first that plaintiffs offered no summary judgment evidence that tends to show such authority, and that even if plaintiffs did offer some evidence at the summary judgment hearing tending to establish Brown's authority to make the settlement offer, that the contents of Fail's affidavit that he filed in opposition to the plaintiffs' motion for summary judgment created a fact issue as to that question.

We disagree with those contentions.

■ Because the defendant failed to file a pleading prior to the summary judgment hearing denying under oath that his attorney of record, Keith Brown, was authorized by him to execute the written offer of settlement on which plaintiffs' action is in part founded, the authority of the attorney to act for the defendant, Fail, in making such written settlement offer was admitted. Rule 93(h), T.R.C.P.; *Public Service Life Insurance Company v. Corpus*, 494 S.W.2d 200 (Tex.Civ.App., Tyler, 1973, no writ hist.); *Red Fish Boat Company v. Jarvis Press, Inc.*, 361 S.W.2d 588 (Tex.Civ.App., Dallas, 1962, no writ hist.); and 2 Tex. Jur.2d 680, Agency, Sec. 224, Note 5 for additional cases holding the same way.

Because of Fail's failure to file herein the denial under oath required by Rule 93(h), there was no fact issue involved at the summary judgment hearing as to whether or not Fail's attorney of record had authority from him to make the offer of settlement. *Seale v. Major Oil Company*, 428 S.W.2d 867 (Tex.Civ.App., Eastland, 1968, no writ hist.).

For the reasons stated it was not necessary that plaintiffs prove at the summary judgment hearing the authority of Brown to make the written offer of settlement involved.

To prove their case at the summary judgment hearing, under the facts involved here, it was only necessary that the plaintiffs prove the contents of the written offer of settlement sued on, that the plaintiffs accepted such offer of settlement, that they fully performed their part of the contract, that the defendant, Fail, thereafter breached the contract by refusing to perform his part of the agreement.

This proof the plaintiffs made by means of the affidavit of attorney Stark, together with its attachments. The evidence contained in Stark's affidavit, although he is an interested witness, is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such evidence. In addition, the defendant had the means and opportunity of disproving the contents of Stark's affidavit, if such contents were not true, and failed to do so. In fact, in the defendant's affidavit filed in opposition to the motion for summary judgment, the defendant admitted that his attorney made and transmitted the written offer of settlement to Stark and in effect admitted his refusal to perform the contract. He made no effort to deny that plaintiffs had performed their part of the agreement. Defendant also admitted that he had authorized his attorney to submit to plaintiffs an offer of settlement.

With the record in this state, we hold that the plaintiffs proved their case as a matter of law at the summary judgment hearing. *Great American R. Ins. Co. v. San*

*Antonio Pl. Sup. Co.*, 391 S.W.2d 41 (Tex. Sup., 1965).

What we have said disposes of the single point of error urged on this appeal by the defendant, but we will go further.

■ When a motion for summary judgment is supported by affidavit or other extrinsic evidence sufficient on its face to establish facts, which, if proven at the trial, would entitle movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise an issue as to a material fact, or justify his inability to do so, or the summary judgment will be granted. McDonald Texas Civil Practice, Sec. 17.26.8, Subsec. (iv), and *Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1958).

■ Defendant contends that the affidavit he filed in opposition to the motion for summary judgment contained a denial that he had authorized his attorney, Brown, to make the settlement offer that was actually submitted, and that this was a material fact.

At no place in his affidavit does Fail swear that his attorney had not been authorized by him to make a settlement offer to plaintiffs in his behalf. Fail states in effect, in the third paragraph of his affidavit, that he had instructed his attorney, Brown, to make plaintiffs an offer of settlement, but that the offer of settlement actually made by Brown to plaintiffs was not the offer that Fail had intended to make, and that the mistake and omission in the offer that was actually made was the result of a misunderstanding between defendant and his lawyer. The record shows that plaintiffs accepted the offer made and fully performed their part of the contract before defendant made any attempt to withdraw the offer.

The facts stated in defendant's affidavit state no defense to plaintiffs' cause of action.

■ The general rule governing liability of a principal for the acts of his agent is: the principal will be bound to third persons by the act of his agent whenever the agent's acts are within the scope of his authority. 2 Tex.Jur.2d 618, Agency, Sec. 173, Note 7; *Lane v. Security Title & Trust Company*, 382 S.W.2d 326 (Tex.Civ.App., Dallas, 1964, writ ref., n. r. e.); and *Woods-Taylor & Co. v. Smith*, 288 S.W. 1090 (Tex. Civ.App., Beaumont, 1926, no writ hist.).

". . . if an agent's conduct is within the scope of his apparent authority, his principal will be deemed to be bound thereby, even though the agent's conduct may violate certain private instructions given by the principal to the agent only. . . . the rule may also be applied to prevent a principal from denying liability in a wide variety of other situations." 2 Tex.Jur.2d 491, Agency, Sec. 49; *United Federal Life Insurance Company v. Cloud*, 370 S.W.2d 147 (Tex.Civ.App., Eastland, 1963, no writ hist.); *Dungan v. Utica Mutual Insurance Company*, 331 S.W.2d 496 (Tex.Civ.App., Waco, 1960, writ ref.); and *Jarbe Oil Company v. Birdwell & Son Drilling Co.*, 335 S.W.2d 394 (Tex.Civ.App., Eastland, 1960, writ ref., n. r. e.).

The rule just stated was applied to dispose of a case involving a situation similar to that involved here. In *Townsend, Townsend & Co. v. South Plains Monument Co.*, 257 S.W. 648 (Tex.Civ.App., Amarillo, 1924, no writ hist.), the appellants had sent their agent to Plainview for the express purpose of adjusting a dispute that it had with the appellees. The appellees had no knowledge of any limitations that appellant had placed on the agent's authority to complete the adjustment or settlement. That court held: "Undisclosed instructions to an agent do not bind the opposite party, and limitations put upon an agent by the principal in making a settlement are not binding upon the opposite party, where the settlement is made within the apparent scope of his authority. (Citing cases.)"

In defendant's affidavit he admitted that he had instructed his attorney to submit an offer of settlement to the plaintiffs. In submitting the offer of settlement defendant's attorney, Brown, was acting within the scope of his apparent authority and we

hold that under the authorities cited defendant became legally bound to the contract when the offer was accepted and the contract performed by plaintiff before the offer was withdrawn.

The law is that every reasonable presumption will be indulged in favor of a settlement made by an attorney duly employed. *Williams v. Nolan*, 58 Tex. 708 (1883); *Dunlap v. Villareal*, 91 S.W.2d 1124 (Tex.Civ.App., San Antonio, 1936, no writ hist.); *Walden v. Sanger*, 250 S.W.2d 312 (Tex.Civ.App., Austin, 1952, no writ hist.); and *Applewhite v. Sessions*, 131 S.W.2d 301 (Tex.Civ.App., El Paso, 1939, error dism.).

Defendant in his affidavit states that after his attorney, Brown, made to plaintiffs the offer of settlement *he later told Brown* that such offer was not the one that he had intended and was not as Fail had instructed Brown. He also states therein that his attorney, Brown, *later told Stark* of the mistake and told him that the offer as transmitted was not as Fail had intended the offer to be. The affidavit also states that *Fail later told the plaintiffs* that the offer was not the offer intended to be made by Fail and that the offer transmitted to Stark by his attorney, Brown, was not authorized by Fail.

It will be noted that the defendant at no place in his affidavit swears as a fact that he did not authorize his attorney, Brown, to make to plaintiffs the very offer of settlement that he did submit to them. It appears that the affidavit was carefully drawn to keep from having defendant swear outright to that fact, which was the material fact here, had there been an issue on it.

In the affidavit presented to the trial court, defendant made affidavit only as to statements that he and his attorney allegedly made to others about the offer at times when neither of them were under oath. Such matters are not material to a decision of the case.

It is also noted that no time is given in defendant's affidavit as to when these statements were claimed to have been made, but plaintiffs' proof makes it clear that no such statements were made until after plaintiffs had accepted the offer and fully performed the contract.

In defendant's affidavit he stated in substance that the offer involved was made in an attempt to settle a lawsuit between the parties, but it was not the offer that Fail intended to make to the plaintiffs and that the mistake and omission in the proposed offer was the result of a misunderstanding between Fail and his attorney, Brown.

Defendant made no effort to swear to facts that would have enlightened the trial court on the question of whether or not there was in fact a mistake or misunderstanding between Fail and his attorney. In that respect he only stated the conclusion. Defendant's attorney that submitted the offer is still his attorney in the case and he made no affidavit for the consideration of the trial court.

The following is from the Restatement of the Law of Contracts, Sec. 503—Mistakes by Only One Party; . . . . "A mistake of only one party that forms the basis on which he enters into a transaction does not of itself render the transaction voidable; . . . . Comment: a. There is a contract formed by the acceptance of an offer even though the offer is made under a mistake or fails to express what the offeror intends."

A mistake by only one party to the agreement where it is not induced by the acts of the other party will not usually constitute grounds for relief. *Morris v. Millers Mutual Fire Insurance Co. of Texas*, 343 S.W.2d 269 (Tex.Civ.App., Fort Worth, 1961, no writ hist.).

An offer becomes a binding contract when it is accepted by the other party according to its terms. After it is accepted it cannot be withdrawn. *Rowson v. Fuller*, 230 S.W.2d 355 (Tex.Civ.App., Dallas, 1950, writ ref., n. r. e.).

We hold that the affidavit filed by defendant, Fail, in opposition to plaintiffs' motion for summary judgment was insufficient to raise an issue as to any legally

material fact, even if the authority question had been in issue at the summary judgment hearing. The summary judgment was properly granted.

A case holding that an agreement such as the one involved here can be enforced by specific performance is *Stewart v. Mathes*, 528 S.W.2d 116 (Tex.Civ.App., Beaumont, 1975).

We affirm the trial court's decree.