MEMORANDUM OPINION

 

No. 04-09-00060-CV

 

BION CONSTRUCTION,
INC.,

Appellant

 

v.

 

GRANDE VALLEY
HOMES, LLC,

Appellee

 

From the 57th Judicial
District Court, Bexar County, Texas

Trial Court No. 2007-CI-06065

Honorable Martha
Tanner, Judge Presiding

 

Opinion by:     Rebecca Simmons, Justice

 

Sitting:            Sandee Bryan
Marion, Justice

                        Rebecca
Simmons, Justice

                        Marialyn
Barnard, Justice                   

 

Delivered and
Filed:  December 9, 2009

 

AFFIRMED  

 

Appellant
Bion Construction, Inc. sued Appellee Grande Valley Homes, LLC for breach of
contract as well as breach of an alleged mediated settlement agreement.  This
appeal arises from a final judgment wherein the trial court found no liability
on behalf of Grande Valley and awarded Bion $100.00 in damages resulting from
the failed real estate transaction.  Because the evidence supports the trial
court’s findings, we affirm the judgment of the trial court.

 

Background

            In
the “Purchase and Sale Agreement” (PSA) at issue, the seller, Bion, is a
successor-in-interest land developer, and Grande Valley is the purchaser.  Under
the PSA, Bion was to develop approximately fifty-acres of unimproved real
property into 245 residential lots to be sold to Grande Valley.[1] 
Once Bion substantially completed the development, Bion would convey thirty
lots every ninety-one days to the purchaser in official closings.  Thus, after
the first closing, the next closing would automatically be ninety-one days later. 


            The
first closing took place on December 13, 2006.  Thereafter the parties entered
into another amendment to the PSA scheduling the second closing for no later
than February 10, 2007.  The second closing is the transaction at issue in this
suit.  The parties ran into further problems arranging for the second closing. 
Bion sent Grande Valley a number of default notices that included rights to
cure.  Grande Valley tendered its purchase money on March 21, 2007 claiming it
was in accordance with Bion’s request.  Bion claimed it had previously
terminated the PSA prior to March 21.  Bion filed suit, but before serving
Grande Valley, the parties participated in a mediation.  However, there is a
dispute regarding whether a settlement agreement was reached.  After a bench
trial, in its findings of fact and conclusions of law, the trial court found
Grande Valley did not breach the agreement and timely asserted its right to
cure.  

Standard of Review

In
a bench trial, the trial court, as fact-finder, is the sole judge of the
credibility of the witnesses.  Sw. Bell Media, Inc. v. Lyles, 825 S.W.2d
488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied).  The trial court’s
findings of fact have the same force and dignity as a jury’s verdict upon jury
questions.  See Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).
However, the findings of fact are not conclusive when a complete reporter’s
record appears in the record.  Tucker v. Tucker, 908 S.W.2d 530, 532
(Tex. App.—San Antonio 1995, writ denied).  

When
the trial court’s findings involve questions of law and fact, the appellate
court reviews them for an abuse of discretion.  Pony Express Courier Corp.
v. Morris, 921 S.W.2d 817, 820 (Tex. App.—San Antonio 1996, no writ).  In
applying the standard, the reviewing court defers to the trial court’s factual
determinations if they are supported by the evidence and reviews its legal
determinations de novo.  Id.  Unless they are erroneous as a matter of
law, conclusions of law will not be reversed, but rather, will be upheld on
appeal if the judgment can be sustained on any legal theory supported by the
evidence.  Tex. Dep’t of Pub. Safety v. Stockton, 53 S.W.3d 421, 423
Tex. App.—San Antonio 2001, pet. denied).  

            In
analyzing a legal sufficiency challenge, an appellate court reviews the
evidence in the light most favorable to the verdict in determining whether the
evidence at trial would enable reasonable and fair-minded people to reach the
verdict under review.  City of Keller v. Wilson, 168 S.W.3d 802,
821-22, 827 (Tex. 2005).       In evaluating a factual sufficiency challenge,
we consider and weigh all of the evidence and determine whether the evidence in
support of a finding is so weak as to be clearly wrong and unjust or whether
the finding is so against the great weight and preponderance of the evidence as
to be clearly wrong and manifestly unjust.  Dow Chem. Co. v. Francis, 46
S.W.3d 237, 242 (Tex. 2001); Pool v. Ford Motor Co., 715 S.W.2d 629
(Tex. 1986).  

 

 

Breach of Purchase and Sale Agreement

Bion
asserts the trial court erred in finding: (1) Grande Valley did not breach the
PSA; (2) Grande Valley timely asserted its right to cure; and (3) Bion refused
to follow through with the sale of the property.  In construing a written contract, we ascertain and give effect
to the parties’ intentions as expressed in the document. Frost Nat’l Bank v.
L & F Distribs., Ltd., 165 S.W.3d 310, 311-12 (Tex. 2005); J.M.
Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003).  We, therefore,
look to the entire writing and attempt to harmonize and give effect to all the
provisions of the contract by analyzing these provisions with reference to the
whole agreement. J.M. Davidson, 128 S.W.3d at 229.

The
evidence supports a number of amendments to the PSA extending the due diligence
period delayed the second closing.  Each one of the eight amendments to the PSA
was due to Bion’s failure to complete the infrastructure of the property. 
Because of these problems, the evidence supports Bion’s extension of the
February closing date.  Mark Dizdar, President of Grande Valley, testified that
Bion did not have the lots ready, and he knew of no scheduled closing in
February.  On February 28, 2007, Bion’s attorney sent a twenty-day right to
cure letter to Grande Valley stating that Grande Valley “has 20 days from
today’s date to cure the defaults.”  The original PSA permits a cure period and
provides that the day the notice is sent is not counted in the cure period. 
The evidence supports that Grande Valley provided the funds required to close
to the title company and was ready to close on March 21, 2007.  As such, Grande
Valley was timely in its performance on March 21, 2007.  

Bion’s
arguments regarding Grande Valley’s right to cure period expiring on “February
10 vs. March 2”, as a matter of law, are without merit.  Grande
Valley received a twenty-day right to cure letter from Bion signed on February
28, 2007.  Bion argues the same February 28, 2007 letter offering the right to
cure effectively terminated the PSA.  However, Grande Valley asserted defenses
of estoppel and waiver before the trial court and the evidence in the record
supports that Grande Valley was ready to close on March 21, 2007, and Bion
refused to go through with the sale of the property.  Accordingly, we defer to
the trial court’s findings that Grande Valley did not breach the PSA, and that
Bion refused to perform under the contract.  See Catalina, 881
S.W.2d at 297.

Mediated Settlement Agreement

            Bion
asserts the evidence does not support the trial court’s finding that there is
no mediated settlement agreement (MSA).  Grande Valley argues there was never
an intent to be bound by the negotiations and no mediated settlement agreement
ensued.  We agree. 

A.  Intent to Be Bound

 

A
mediated settlement agreement is enforceable in the same manner as any other
contract.  Tex. Civ. Prac. & Rem.
Code Ann. § 154.071 (a) (Vernon 2005).  Its construction is governed by
legal principles applicable to contracts generally.  Donzis v. McLaughlin,
981 S.W.2d 58, 61 (Tex. App.—San Antonio 1998, no pet.).  The intent of the
parties to be bound by a mediated settlement agreement is an essential element
of an enforceable contract and is generally a question of fact; however, where
that intent is clear and unambiguous on the face of the agreement, it may be
determined as a matter of law.  Anderton v. Schindler, 154 S.W.3d 928,
932 (Tex. App.—Dallas 2005, no pet.); see also Foreca, S.A. v. GRD
Dev. Co., Inc., 758 S.W.2d 744, 746 (Tex. 1988) (“[I]ntention is usually an
inference to be drawn by the fact finder.”).

The
parties agreed to mediate on April 25, 2007.  Present at the mediation were
attorneys for each side, Howard Kahn and Jesse Murphy, as well as John Ripley,
President of Bion, and Larry Contreras, Grande Valley San Antonio Division
President.  The parties negotiated the MSA during the mediation.  The initial
pages of the MSA show disagreement as to the terms, and the final pages show a
new hand written agreement with initials from the attorneys on each page.  The
final page of the MSA contains signatures from both attorneys under the heading
“Approved as to Form.”  Ripley also signed in the space for Bion; however, the
space for Grande Valley is clearly blank.  At trial, Murphy testified that
Contreras did not have authority to bind the company at the mediation, but
rather “Mr. Dizdar [as President of Grande Valley] needed to sign the
agreement.”  The evidence confirms that the attorneys and representatives left
the meeting believing the parties had not reached an agreement.  Based on our
deference to the trial court’s findings of fact, we affirm the trial court’s determination
that there was no mediated settlement agreement.  See Foreca, 758
S.W.2d at
746.                                                                                                                                                                   
                      

B.  Apparent or Actual Authority

            

Bion
also argues, that even if Grande Valley did not intend to be bound, that Grande
Valley was bound under the theory of apparent or actual authority because its
counsel signed the MSA.  Grande Valley asserts that while a party may
clothe his attorney with actual or apparent authority, this was a fact issue
that the trial court determined in its favor.

Undoubtedly,
a party may clothe his attorney with actual or apparent authority to reach and
sign a settlement agreement that binds the client.  See Williams v. Nolan,
58 Tex. 708, 713-14 (1883); accord W. Beach Marine, Ltd. v. Erdeljac, 94
S.W.3d 248, 256 (Tex. App.—Austin 2002, no pet.).  The presumption of actual
authority, however, may be rebutted by affirmative proof that the client did
not authorize his attorney to enter into the settlement.  Johnson v. Rancho
Guadalupe, Inc., 789 S.W.2d 596, 598 (Tex. App.—Texarkana 1990, writ
denied) (op. on reh’g) (noting that there is no implied authority for an
attorney to release the very right or interest he is employed to protect); Fail
v. Lee, 535 S.W.2d 203, 207-08 (Tex. Civ. App.—Fort Worth 1976, no writ)
(affirming summary judgment enforcing settlement agreement absent proof that
defendant did not authorize his attorney to settle).  

Additionally,
to establish apparent authority, the principal must make some manifestation to
a third party that it is conferring authority or, by its actions, shows such a
lack of ordinary care as to clothe the agent with indicia of authority.  NationsBank,
N.A. v. Dilling, 922 S.W.2d 950, 952-53 (Tex. 1996); see also Ames v.
Great S. Bank, 672 S.W.2d 447, 450 (Tex. 1984).  A fact issue may arise as
to whether an attorney has authority to bind the client to a mediation agreement. 
See Martin v. Black, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.]
1995, writ denied) (holding that fact disputes over existence of MSA should be
settled by fact finder).  

Bion
asserts that because Grande Valley previously allowed its attorneys to sign
binding contracts, that Grande Valley created apparent authority in its
counsel, Murphy.  Bion suggests the signature of Grande Valley’s counsel,
Murphy, under the heading “Approved as to Form” binds Grande Valley to the
substance of the MSA. 

It
is well settled that when the notation “Approved as to Form” appears with an
attorney’s signature, it does not create the same consent to substance as the
notation “Approved as to Form and Substance” or “Approved as to Content”.[2] 
In fact, this court previously held “when an attorney’s signature indicates
‘Approved’ he has simply approved the judgment as to form only, unless other
language in the judgment indicates that the substance of the judgment was also
agreed.”  Bexar County Criminal Dist. Attorney’s Office v. Mayo, 773
S.W.2d 642, 644 (Tex. App.—San Antonio 1989, no writ).  Even further, this
court later held that “Approved and Agreed” standing alone does not establish a
consent decree.  Oryx Energy Co. v. Union Nat’l Bank of Tex., 895 S.W.2d
409, 417 (Tex. App.—San Antonio 1995, writ denied).  Bion presented no evidence
at trial, and submits no authority on appeal, to suggest the attorneys meant
anything more than the plain meaning of “Approved as to Form.”  Accordingly,
the trial court did not err in its determination that the parties did not enter
into a binding MSA.[3]

Damages

Finally,
in its last two issues, Bion argues that it was entitled to substantial damages
and attorneys’ fees.  However, having determined there is sufficient evidence
to support the trial court’s findings that Grande Valley did not breach the PSA
or enter into the MSA, such arguments are without merit.  

Conclusion

Based
on the record before us, the evidence supports the trial court’s findings that
Grande Valley did not breach the contract and that no mediated settlement
agreement existed between the parties.  Accordingly, the judgment of the trial
court is affirmed.

 

 

Rebecca Simmons, Justice

 

 

 









[1]
The contract was initially between Texas PMR, Inc. and Grande Valley Homes. 
Approximately six months after signing the agreement, PMR assigned the contract
to Bion Construction.





[2]
See e.g., Hill v. Bellville Gen. Hosp., 735 S.W.2d 675, 678 (Tex. App.—Houston
[1st Dist.] 1987, no writ) (holding notation “Approved,” standing alone, insufficient
to establish a consent judgment); Morse v. Delgado, 975 S.W.2d 378, 381
(Tex. App.—Waco 1998, no pet.) (holding that counsel’s signature indicating
that he did not oppose the form of the judgment did not make it an agreed
judgment).

 





[3]
On appeal, Bion argues that the MSA “is also a Rule 11 Agreement.”  However,
Bion did not refer to the MSA as a Rule 11 agreement in the pleadings, trial,
or motion for new trial.  Pursuant to Rule 33.1, Bion has waived this issue on
appeal.  Tex. R. App. Proc. 33.1
(a prerequisite to presenting a complaint for appellate review is a record
showing the complaint was made before the trial court and either a ruling or
objection to a refusal to rule appears on the record).